**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROQUE DE LA FUENTE, AKA Rocky, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington, <br><br> Defendant-Appellant. | No.  18-35208 <br><br> D.C. No. 3:16-cv-05801-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 11, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Kim Wyman, the Secretary of State for the State of Washington, appeals the

district court's finding that Washington's notice requirement for minor party and

independent candidates' political conventions, Wash. Rev. Code § 29A.56.620,

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violates the First and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Plaintiff Roque De La Fuente was a minor party candidate for President in 2016 and sought access to Washington's presidential ballot. Washington allows minor party and independent candidates to access the ballot by holding a political convention and acquiring a certain number of signatures. Wash. Rev. Code §§ 29A.56.600; 29A.56.640(5). However, at least ten days before the convention, the independent or minor party candidate must "publish a notice in a newspaper of general circulation within the county in which the party or the candidate intends to hold a convention." *Id*. § 29A.56.620. De La Fuente argues that Washington's convention requirement contemplates only signature drives, not conventions, and that requiring candidates to provide ten day's notice before gathering signatures is unduly burdensome and not justified by any relevant state interests.[1]

We analyze this question under the familiar sliding scale framework of *Anderson v. Celebrezze*, 460 U.S. 780 (1983), and *Burdick v. Takushi*, 504 U.S. 428 (1992). The "rigorousness of [the] inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and

---

[1] Because the parties are familiar with the underlying facts, we describe them only briefly here.

2

Fourteenth Amendment rights." *Burdick*, 504 U.S. at 434. A "severe" burden must satisfy strict scrutiny while a "lesser burden" may be justified "by demonstrating the state has important regulatory interests." *Ariz. Green Party v. Reagan*, 838 F.3d 983, 988 (9th Cir. 2016) (internal quotation marks omitted).

In this case, Washington's notice requirement imposes only a minimal burden on independent and minor party candidates' free speech rights. Meeting the notice requirement is relatively simple and inexpensive—at argument, Washington's counsel explained that publication of such a notice costs only $40 to $80—and even without the notice, the candidate is free to communicate with potential voters and otherwise engage in electioneering activities. Indeed, independent and minor party candidates in Washington routinely satisfy the convention and notice requirements. *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 794 (9th Cir. 2012) (in evaluating the burden, the court looks to "whether reasonably diligent minor party candidates can normally gain a place on the ballot, or if instead they only rarely will succeed" (internal quotation marks omitted)).

Washington's interests in transparency and electoral participation adequately justify requiring candidates to provide notice in a local paper before holding a political convention. Washington undisputedly has an interest in ensuring that its

3

electorate is informed and engaged. *See Anderson*, 460 U.S. at 796 ("There can be no question about the legitimacy of the State's interest in fostering informed and educated expressions of the popular will in a general election."). And requiring notice about independent candidate and minor party conventions provides voters with the opportunity to participate and potentially learn about less well-publicized candidates.

De La Fuente claims that the conventions at issue need only be signature-gathering drives, rather than conventions qua conventions, but that is inconsistent with the statutory text, which defines a convention as "an *organized assemblage of registered voters* representing an independent candidate or candidates or a new or minor political party, organization, or principle." Wash. Rev. Code § 29A.56.600 (emphasis added). De La Fuente has provided no evidence or authority that Washington treats signature drives as sufficient under § 29A.56.600. And accepting that independent and minor party candidates must hold an actual political convention,[2] we cannot say that Washington wholly lacks any interest in requiring that those conventions are publicized to registered voters.

---

[2] De La Fuente does not challenge the convention requirement; he challenges only the notice requirement.

4

It may be that Washington's requirement is somewhat antiquated, and that publishing newspaper notices does little in this day and age to alert Washington's voters to ongoing political activity. But because the burden imposed by the notice requirement is "slight," Washington must show only that the law furthers "important regulatory interests[.]" *See Wash. State Republican Party*, 676 F.3d at 793-94. And the law has long relied on newspaper publication as an acceptable form of broad-based notice. *See*, *e.g.*, Wash. Rev. Code § 4.28.110 (civil service by publication); Wash. Rev. Code § 6.21.030(2)(b) (real property sale). As such, even the modest notice function served by newspaper publication is enough to justify the minimal intrusion on candidates' free speech rights occasioned by the notice requirement. To have an informed electorate, *see Anderson*, 460 U.S. at 796, Washington needs to provide notice to its electorate in some way, which is precisely what the challenged statute does.

Accordingly, we **REVERSE** and **REMAND** to the district court with instructions to enter summary judgment for Washington's Secretary of State.